Here ye, here ye, here ye. This Honorable Appellate Court of the 2nd Judicial District is now back in session pursuant to adjournment. The Honorable Catherine Buzino, presiding. Thank you. Please be seated. Your Honor, this case is Number 2-14-07-0-0. The defendants, David Milne-Wallace, Lincoln, Colleen, and Joshua Hachmeister, defendants, are to be rolled together. Mr. Andrew Smith, are to be rolled together. Ms. Gaffney, Ms. Gallant, and Ms. Carrasquillo. Morning, Counsel. Mr. Smith. Morning, Your Honors. Morning, Counsel. May it please the Court. My name is Andrew Smith, and I work for the Appellate Defender, and I represent Mr. Hachmeister in this case. This case contains three issues, any of which is grounds for a reversal. In this case, which was based entirely on the credibility of Officer Harding versus the credibility of Mr. Hachmeister, the defendant, impeachment evidence was crucial. The trial court, however, barred the defendant from impeaching Officer Harding's credibility with evidence that he was biased against Mr. Hachmeister. On what basis that it was irrelevant? Sorry? On what basis did the Court exclude that? Based on relevance grounds. Well, actually, wasn't there evidence that did come out with respect to prior arrests or incidents between the officer and the defendant? So there's two crucial things that did not come out. You're right that there was some discussion about prior altercations. But the main things that showed bias was a complaint by Mr. Hachmeister to the police chief that the officer was harassing him, and then the subsequent threat by Officer Harding that he was going to get Mr. Hachmeister. Without those two pieces of evidence, the jury's just hearing instances of my client being arrested by the officer. And so that would just harm even more. If you don't bring in those threats, then it doesn't support what is important about the altercations. Did the complaints to the chief come in? I mean, was there evidence of the defendant complained to the chief? That did not come in. So the defendant is calling the police department, dispatch. I'm curious as to the sequence of events. Why does the officer ostensibly show up at the defendant's house that night and file a charge of disorderly conduct? You're talking about the previous altercation? No, the facts were that the defendant was calling the dispatch, calling the police department, right? Why not talk to the chief and complain about the officer? Correct. Does that mean the officer shows up at the defendant's home that evening? Yeah, I believe so. But this is not for what he was ultimately arrested for. Right, I know. The DOI is separate, but this was a charge of disorderly conduct, which bears out his theory of retaliation, correct? Correct, yeah. But why did he go to the house? Was there evidence? They limited very much any discussion of these prior altercations. And I can also discuss that, about how that was an abuse of discretion. There should have been more discussion of these altercations. As it was, you just heard my client getting arrested. You didn't hear any of the background information of these altercations. And as I said, this information would go to motive, which showed that the officer had a motive to overcharge my client and that he was hostile towards my client. And yet then, when Mr. Heckmeister took the stand, the trial court, without holding a hearing and without exercising any discretion, permitted the state to impeach Mr. Heckmeister's credibility with a prior drug conviction that had little evidence of veracity and was highly prejudicial. Well, did the court even engage in the Montgomery balancing test before ruling that it was admissible? Isn't that only the problem here? The court never mentioned Montgomery. We don't know what the court did. Well, that's the problem, isn't it? Right. So, yeah, the problem is that there wasn't even a hearing and the court did not, on the record, discuss Montgomery. And the states conceded that this was an abuse of discretion. Your point is made on that. You know, you've got this alleged threat made by the officer to the defendant, which arguably could be the linchpin of the defendant's theory that, you know, the officer was out to get him and he should have been able to bring that out at trial. But is a hearsay rule an impediment? What's your argument or response to, I'm sure, some of the argument? Hey, that's all well and good, but that's hearsay, so it can't come into evidence. So how do you get around the hearsay? So it can come in. It depends on how you look at that threat. It can come in as a bias, that he had, that he was hostile towards my client, and that he had, it was evidence that he would not be truthful on the stand. But it can also come in under the exception to a hearsay rule, under the statement of mind exception. And courts let this stuff in, and they let it in specifically to prove subsequent conduct, the truth of subsequent conduct. So, for instance, they let it in when a defendant's charged with murder, and the defendant, the victim, when the defendant takes the stand, he's allowed to state that the victim had told him that she intended to commit suicide. So that can come in to prove that she did commit suicide. Well, which would apply here? It could be either. I mean, I think the best example is the statement, it should come in under the exception rule. The exception to the? To hearsay. Based on the state of mind. Yeah, that he had an intent to get my client. Get can mean overcharge him to, you know, beyond dishonest in court, to get him in jail. I mean, the other alternative you said was bias. That's not an exception to the hearsay rule. If this is hearsay, simply saying it's bias is not the exception to the hearsay rule. Right. So that said, they can come in, depends on how you look at it. If you look at it as bias, it wouldn't be hearsay. I mean, if you were trying to get it as bias, you would cross-examine the officer on the statement. You would, but then if the officer says no, you could bring it out. Well, you could bring it out to perfect the impeachment. Yeah, yeah, right. Let me just say this, though. You didn't try trial counsel for the defendant to not try and get this testimony in through the officer. They tried to get it in through the defendant, correct? Let me see. He was asked, were you aware that the defendant was making complaints to your chief? So, yeah, the threat did not come out. Did you stop Mr. Hackmeister? Did you stop by the Hackmeister residence and tell him to stop making a phone call? That was objected to. So the threat was not asked. So it wasn't being offered as theory for the truth of the matter asserted in the statement merely that the officer had made it. Yeah, I mean, I think the better arguments that could come in as an exception. I think bias would be a slender read to get it in there, quite frankly. Go ahead. The state argues that these errors are harmless. And, I mean, if this is harmless, I don't know. If this is not prejudicial information, I don't know what else is. The fact is that this entirely came down to credibility. There was no video, no second officer to come corroborate anything the officer said. So it is completely my client's word against the officer. And the officer's testimony is contradictory at times. He says on the stand that the breath is overwhelming. In his police report, he says it's moderate. The defendant doesn't, when I read it, he doesn't do that poorly. I mean, he does fine. He does fairly fine on the test. He passes the first I part of the test. He never falls over when he's doing the walking straight line. And you have to remember that he's not wearing shoes. He's on a hill. And there's no line to walk on. It's just an imaginary line. So all this stuff about how he's stepping off the line, I mean, there is no line to walk on. The state's argument may be that some of this information did come out to the defendant in Bertucci. There was previous encounters with Officer Harding that they're going to hang their head on. So you're saying that's not sufficient? I mean, the jury knew that there were some previous encounters or altercations between the defendant and the officer, correct? Yeah. But you're saying it didn't go far enough to bring out the threats and the other things. The threats and the complaint is the key part. If you're just letting him talk about being arrested by the officer, that's terrible. I mean, that would harm him even more. You have to bring out this threat and the complaint because that supports why the altercations show that he's hostile. So if they're not letting out the complaint and the threat, that would be extremely harmful. And it clearly comes in. I mean, evidence of bias clearly comes in. The courts have said that this evidence is always relevant. The relationship between a witness and defendant is always relevant. It's also said that this is never collateral. So these are clear points of law. This information should come in. Finally, the defense attorney also harmed his own credibility before the jury when he appeared to assure the jury that he had proof of Mr. Hackmeister's innocence by way of a clean blood draw and that he never presented any of this evidence to the jury. The case law is clear that making promises during an opening argument that you have proof of your client's innocence by way of, let's say, another suspect and then not presenting that suspect. Did he really promise to present blood evidence? As I read it, that's what I heard, and a jury would hear that. The defendant did testify that blood was drawn, correct? Yeah. And the attorney said blood was drawn, correct? The attorney, yeah. So, I mean, that's really, he basically parodied what his client was going to testify to, that blood was drawn. Well, I think, when I read it, he says, I have it right here. He said, after talking about the blood draw, saying that the evidence will show I didn't drink, he then ends saying the evidence will show, ladies and gentlemen, there was no alcohol that day whatsoever. And, again, his client testified to that, as did Mr. Bertucci. Hearing this, when you're talking about a blood draw and saying that the evidence will show that there was no alcohol that day whatsoever, a jury hearing that, I hearing that, thought he was going to present some type of evidence of like a fifth test. A lot of times when juries hear evidence, that's what they're assuming. If he's not saying directly that, he's highly suggesting that he has definitive proof of his client's innocence. And the problem is with suggesting definitive proof of innocence is highly problematic. If it was suggesting maybe there's another suspect, that might be different. But this is suggesting definitive proof of innocence. So that's why it was so prejudicial to do that. Well, while a jury might think that evidence is only documentary evidence, usually in a trial a judge will explain that evidence can be all different types of evidence, that testimony is evidence. Sure. I mean, that's how it sounded to me. I guess if you're looking at getting the benefit of the doubt that he's maybe suggesting it and not saying it directly, it's still highly prejudicial to suggest proof of evidence. Are you saying, though, that that is notwithstanding the court's admonition or instruction that what is said in argument is not evidence? I mean, it's only a roadmap. Anybody who's given an opening statement knows that usually you'll incorporate in that statement this is just a roadmap. I mean, this is not a promise or this gives you an idea of what the case is about. Yeah. Despite that instruction, courts have held that making promises of innocence, making promises that my client's going to take the stand, I think was one case, making promises that there's another suspect, despite that instruction is still ineffective assistance and would change the outcome of the case. The jury would be relying on that information coming out. When it doesn't come out, it would be extremely harmful to Mr. Hackenmeister's case. And you take in everything else that's happened up to this point, it would be altogether extremely prejudicial. I'm just going to end here. But I just want to end with that. We don't have any extrinsic evidence in this case. It is my client's word against the officer. And credibility was extremely important. When it came down to it, the court barred my client, who has the benefit of the doubt, who has a reasonable doubt on his side, from presenting impeachment evidence against the officer. Yet when my client took the stand, there was no discussion about a prior conviction. It just came in, no hearing, nothing. It just came in. So we've got his credibility being impeached and not able to impeach the officer. Then during the defendant, the defense attorney's credibility has also been harmed by making these unfulfilled promises during an opening statement. So with that, we'd be asking for a motion for a new trial on this case for these errors were highly prejudicial. Thank you. If you have time, I'll go back. Ms. Burpeel. Good morning, Your Honors. Good morning, Counsel. And may it please the Court. My name is Joanne Burpeel. I represent the people in this manner. We respectfully ask this Court to affirm the lower court's decision for the following three reasons. First, the trial court did not abuse its discretion because the defendant was able to present his defense. Second, despite the trial court not conducting a Montgomery hearing, either under harmless error review or plain error review, the verdict would have been the same. And third, defendant received efficient representation. Can I ask you, one of the overarching themes in this case, of course, is the law is well settled that white latitude should be allowed for a criminal defendant in a trial to probe the bias or prejudice of the witnesses against them. Would you agree with that? Yes, Your Honor. So here we have the trial court excluding the defendant's testimony that the officer threatened to give him. That was the linchpin of the defendant's case that was excluded. So how does that ruling comport with the ruling of white latitude being afforded to defend a criminal case on cross? How does that comport with that? White latitude is given on cross-examination, but anything that is harassment or repetitive is usually not allowed in by the trial court's discretion. In regards to this case, as stated by the defendant in his reply brief, there were past altercations that were already admitted. Complaints stated by the defendant were admitted to the jury that were heard. They heard that the defendant had called Wunderlich police chief three to four times the week prior to the incident and three to four times the day of the incident, or the day prior. Three to four times the week up to the incident and three to four times the day before the incident. Now, in regards to the alleged statement that the defendant is bringing forward here, the trial court was correct in stating that it was irrelevant because the trial court properly uses its discretion to preclude repetitive or unduly harassing testimony. Isn't it a threat to get somebody fundamentally different than previous encounters? Yes, Your Honor, but with regards to this threat, it has to be direct, positive. It can't be remote, uncertain, or collateral. In this case, Your Honor. How is it not direct and positive? Well, it is direct in the sense that it was directly or allegedly directly stated by the police officer, but it is uncertain in this case, Your Honor. Uncertain in what sense? We have no idea if it is or isn't true that the police officer even said this statement or even made this statement. Well, that's a side issue completely. Whether or not it was said, the defendant is allowed to probe this on cross. You can't object fairly and say, well, we don't know if it's true. It has to at least get before the trier of fact, right? Yes, but if it falls under a hearsay exception. Now, the defendant is stating that it is a state of mind exception. But for a state of mind exception, there must be a reasonable probability that the declarant's statement was true. Statement must have been made under circumstances indicating apparent sincerity. Now, the defendant hasn't proven any of that, Your Honors. He is alleging that... What's more sincere than saying I'm going to get you and then the next day stopping you and fabricating a DUI and arresting you based upon this pure fabrication? What's more, I mean, that seems like pretty direct evidence of fulfillment of the threat to me. Under your hypothetical, yes, Your Honor. But with regards to the facts in this case, we don't know when this alleged threat was even made. If it was made two days before in that incident where the defendant was having, I believe, it was a noise complaint and then the police officers came to do a disorderly conduct. Or if it was the week prior when the defendant was at a beach for fishing after hours and the officer... ...and charged him with disorderly conduct vis-a-vis when he was stopped and charged with DUI. I believe in the record, and I was trying to find the citation for Your Honors right now, that it was a noise complaint of why he was at the defendant's house two nights prior that there was a disorderly conduct. And you only received a citation, Your Honors. But it's two nights prior then to this DUI arrest. Yes, Your Honor. So that certainly doesn't strike me as being remote. No, Your Honors, but we don't know if the threat was allegedly made at that incident. We don't know because it never went into evidence, right? No, it never went into evidence, Your Honors. But again, under the hearsay exception, this is an out-of-court statement. And if it's for the statement of intent, the defendant needs to prove that it was a reasonable probability that the statement is true. Well, wouldn't it be if he testified, the officer said he was going to get me, and then he comes to the house, gives him a ticket because he's calling the police the same day, right? Wasn't the scenario the defendant was calling, trying to reach the police chief, as I understand it? He was trying to reach the police chief three or four times the week of the incident, and I believe three to four times the day before. So that was a Saturday. The incident where it was at his home was on a Friday. And by sheer coincidence, the officer shows up, gives him a ticket, and then two days later arrests him for DUI. But it's not pure coincidence, Your Honors, because in this case, the defendant was willingly driving without a license, a license suspended. He was still breaking the law. It isn't as if this officer is waiting for him. The defendant fails to recognize his own instigations in these crimes. The fact that he had a noise complaint and a police officer in Wander Lake, which he testifies is a small town, came to his home to do the disorderly conduct does not show bias or harassment or sort of an animus towards him. He's doing his duty as a police officer. Your argument to us sounds like an argument you should be making to a jury of 12 as to why this stuff is not credible. And we're not arguing with you that it's credible. We're just saying, why don't you let it in and let the jury determine what's credible and what's not credible? Again, it is the people's position because this is a hearsay statement, and under the statement of intent exception, the defendant has failed to satisfy what is needed to have the statement brought in. Well, how would he do that? Yes, what would he – we're asking the same question. What would he have to do? Well, he could have been similar to the cases of Abinhart or Wilson. In both of those cases, the defendant had reports or gone through any sort of channels to show that there was any sort of animus between the defendant and a police officer. In this case, the defendant alleges that everyone knows that there's these complaints, that everyone knows that it's harassment or bias, but there's no reports, there's no testimony. Didn't he try and put in the telephone records to show that he called the police department numerous times the day of the citation? He did, but he didn't lay the foundation for that to even be properly admitted into this court. But the objection was sustained, correct? Correct, Your Honors. So there was nothing – if he would have laid the foundation and then the information could have come in, then that could have possibly shown that he'd called multiple times. But calling doesn't show that this threat was actually credible. He could have been calling multiple times and then gone to deaf ears because they've recognized or reasonably inferred that the defendant commits crimes. Was the objection based on foundation and sustained on foundation grounds, or was it sustained on relevance grounds? I believe it was on foundation grounds, Your Honor, because he was – it was no one from the phone company. There was no real reason or understanding of why or who it was that was testifying to this. And could they have laid the foundation for the telephone records to have come in? All right, I thought of this relevance, but we'll look into that further. But let me ask you this. Is it your position – or is it your position that the Montgomery you would concede was not followed? Was there a balancing test on it? No, there was no balancing test done in this case, and it's a little complex of a situation with regards to the facts in this case. Now, the prosecutor wished to start this Montgomery hearing after he rested – the people rested. He began the conversation. Unfortunately or fortunately, depending on how the counsel wishes to view it, there was – the defense counsel stopped it. He halted the communication, halted the hearing, stated that this is not the time for a defense. We are not sure if the defendant is testifying. This isn't – this is premature. So the trial court inartfully accepted that or did – inartfully stated, okay, I'll wait for it to happen, but then stated, if the defendant chooses to take the stand under the law, I would allow the evidence of that conviction as it would be properly before the court. There is much of the case law out there stating that it cannot be a mechanical approach, much – All right, that clearly fails the Montgomery test, did I say? Yes, Your Honors. Okay. So why isn't that mandate a reversal on that grounds alone? Well, depending on harmless error review or plain error review, the verdict would have been the same. Now, the people's position is that there was an objection when the defendant stated to stop this hearing and in the post-trial motion thus this is under harmless error review. And the verdict would have been the same because this – the defendant's prior felony conviction coming in did not prejudice him during this case. Well, how do we know that? Well, I mean, a prior felony conviction didn't prejudice him. On what basis do you say that? It is the people's position because defense counsel fronted this. Now, defense counsel – Well, that was a strategy. Yes, it was trial strategy to front this. But the jury had the information. Yes, and the jury did hear it on direct from the defense counsel. Nothing was stated on impeachment. Nothing was on cross-examination from the state. Nothing was in closing argument. Nothing was a rebuttal. It was just – What about instructions to the jury? And the instructions to the jury was – there was an instruction. I'm unsure, Your Honor. I don't wish to say, but I'm not sure if there was or wasn't an instruction to the jury with regards to prior felony convictions. But what can – what can be reasonably inferred as to why this was a harmless error was the impact. There was no real impact to the defendant because it was only stated by defense counsel in his direct examination. It was not brought up again. And the evidence at trial was strong to show the defendant was impaired at the time that he was pulled over by Office of Harding. Why did the defense attorney front it? Can't you make the argument he fronted it because the court basically told him it was coming in irrespective if he took the stand, correct? Yes, Your Honor. That is possible. Wouldn't any responsible defense attorney then figure they better front it? Yes, Your Honor, and that is part of the ineffective assistance of counsel claim that the people are raising that the defendant actually did or defense counsel did the appropriate action here. He assumed correctly or incorrectly that the trial court was going to admit this prior felony conviction into evidence. So then he fronted it, but the State never used it, didn't capitalize on it. Is there some case law on the fact that once the attorney seeks to get a ruling by the court before he is called upon to testify, doesn't the court have to make a ruling or is it error for the court to defer the ruling? Are there any cases that bear on that? I think there's some cases on this. Yes, Your Honor. The defense could have raised the Montgomery hearing before the defendant even testified, but he didn't. But I'm saying do you know of any cases? What about that specific issue? We don't get to whether or not he should have fronted it or didn't. If he asks for a ruling before the trial and the court basically doesn't rule on it, isn't that error? Aren't there cases that address that issue? There probably is case law, Your Honor, but the people at this time do not know the case of cases. You're saying that this is harmless error, correct? Yes, Your Honor. And let's assume for a moment that at the close of the case the trial court instructed the jury that they can consider this prior conviction only as bearing on the credibility of the defendant. Yes, Your Honor. So now the jury now has heard this conviction for a prior felony offense, and they can take that into consideration bearing on the credibility of the defendant. Now, you were about to go into the facts, I think, as to how it showed that the defendant was under the influence. But we have a situation here where there's no other officer present, correct? Correct. There's no video? Correct. There's no blood alcohol result? Correct. And you concede at page 28 of your brief, the people agree with the defendant that this trial was a credibility contest between Officer Hardin and the defendant. Yes. So how does that Montgomery violation result in a harmless error analysis based upon one person saying, I didn't have a drop to drink, and then the other person saying, you know, this is what happened, the jury was intoxicated, and no other corroboration for either side? Well, the credibility is up for the trier of fact to determine. And in this case, the jury was present and heard the testimony of the officer and of the defendant and the friend, Michael Hattusi. Now, it is the people's position that this wasn't harmful per se to the defendant because it's reasonable to infer that the jury heard all of the inconsistencies from the defendant and from the police officer. Furthermore, it's reasonable that he discredited himself. As stated earlier, the defendant constantly, or the defendant's theory was there was a tensious relationship between him and this officer. But he failed to acknowledge any of his own actions, how he instigated this, how he brought this forward. He even admitted that he was driving without his own license. He continues to break laws, Your Honor. Did the defendant file a motion of points to arrest the trial court alone? No, Your Honor. Well, he probably conceded. But whether or not there's evidence for a stab is separate from whether or not you're guilty of a DUI, isn't it? Correct, Your Honor. But in this case, there was enough evidence to show that he was guilty of a DUI. Thus, this prior felony conviction, even if it was considered or it was considered by the jury in this case, it was just one consideration with everything else that they heard. There was enough evidence or they made the determination that there was enough evidence and the police officer's credibility was much more or much more credible. And thus, they made the determination that the defendant was guilty of DUI. Now, moving to the third point, Your Honor, is that the defense counsel received effective representation. The defendant claims that there was unfulfilled promises, but it is the people's position that he is misleading this court in the state that he took pieces of the opening argument and made an unfulfilled promise. The actual statement made by the defendant was, the bottom line is that the defendant was placed under arrest and taken to the Wonder Lake Police Department. At the Wonder Lake Police Department, he continued to complain about his pain, and he was taken to the Northern Illinois Medical Center, blood was drawn. Now, defendant told the officer, I ain't blowing into nothing. That's true. The defendant said, give me a blood draw. The defendant didn't trust Officer Harding because of these prior situations with him. The defendant thought the officer would fabricate, but taken to the hospital where it's independent, you will have your evidence I didn't drink. Now, Your Honor, this is a narrative of what the defendant would say. This is how the defendant felt. The defendant said there was a blood draw. Defendant testified at trial there was a blood draw. Defendant said, I don't trust this police officer. You're going to see that I have evidence I didn't drink. That evidence came forward at trial by the defendant, stating he didn't drink until the night. Last time he drank was the night prior at 730. Didn't have anything to drink that day. He wasn't doing impaired driving. There was no smelling of alcohol. I see that my time is up. You may finish. Finish? Officer, his friend, Michael Patusi, also said that they didn't drink to the night prior, or the last time they had a drink was at 730 the night prior, that they weren't drinking that day, that there was no smell, that there was no impaired driving. Even Officer Harding said he didn't pull him up over initially for impaired driving, but because he knew that the defendant failed to have a license. Thus, this evidence came forward. So to say that there was an unfulfilled promise is to say that it's without merit and honors, because this evidence was presented. Because of the following reasons stated in the oral argument, the people respectfully ask this court to affirm the lower court's decision. Thank you. Mr. Smith? The state says that I was misleading them with my third argument about the unfulfilled promise. I quoted the block in my brief. You can look at it. I'm not trying to hide anything. I told you it suggested direct evidence of innocence. The state also says that you need a report to bring in a state-of-mind exception. Although April Hart and all those police cases involve reports, there are several state-of-mind exceptions that don't involve any reports. It's just a witness hearing someone say something. For instance, the defendant saying the victim told him that she wanted to commit suicide. It's a self-serving statement, and that can come in. So you don't need a report to bring in a state-of-mind exception. These types of prior convictions are extremely prejudicial, and the appellate courts have cautioned lower courts from allowing in drug convictions that are similar to the underlying conviction, so much so that in some cases it has resulted in abuse of discretion and reversal. Speaking of that, are you aware of any cases that require the court to rule on a Montgomery motion and not defer it? Patrick says you have to hold it before the defendant takes the stand. Did you raise that in your brief? Yeah. Okay. But with that issue about whether he was ineffective for fronting it, it's our position that the main problem with the defense counsel in this issue is that he didn't argue against this conviction coming in, and those have been held ineffective and reversible. Well, what about the argument that he knew it was coming in? He had no choice. The defendant knew it was coming in? The defense attorney, right. Didn't the court say it's coming in? No, no, I'm saying he didn't argue against it coming in when the motion was brought. Okay. Yeah. And that's what I think is the main problem here, and that has been found to be grounds for a new trial on numerous occasions where a defense attorney does not advocate against prior convictions coming in. With respect to the state of mind exception, Justice Burke talked about how it does show reasonable probability of truth because he wasn't interested. He did get him, and this goes to People v. Hansen, which was a case where someone was tried for, I think, a murder that occurred 40 years earlier, and the statement of intent they were trying to bring in was from 40 years before, and the trial court said it was not reasonable probable that it was said because, in the end, it didn't actually happen. It said the statement of intent was I was going to go to the ice cream parlor or something like that, and the evidence was that she never went. So here he was arrested, so it is reasonable probability. There's no reason to doubt it. This should be before a jury. A lot of the state's arguments seem to be that they don't want evidence before the jury. With regard to the bias issue, the Averhart case from the 1st District is very similar to this case, is it not? Yeah. Correct. There are several cases. Averhart talks about a prior altercation between an officer where the defendant brought charges against, brought a complaint against the officer and now is allowed to come in, and the officer, I guess, had made a threat during the second arrest. But the courts really allow in an altercation between police officers and defendants. They allow in a lot of bias evidence, and even to the point where if an officer is suspended earlier, that can come in even though the suspension had nothing to do with the defendant. It can come in to show that he might lie before the jury because he's worried about being suspended again. So complaints against officers, the courts are very willing to allow this stuff in, and especially when the complaint involves the specific defendant. If the Court has nothing else, as before, we are asking that this case be remanded for a new trial. Thank you. Thank you. At this time, the Court would like to thank you for your arguments. We will take the matter under advisement and render a decision in due course. We stand in brief recess until our next case. Thank you.